**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| FRANK M. NEFF | : | |
| Plaintiff | : | |
| v | : | Civil Action No. RDB-06-2828 |
| WARDEN | : | |
| Defendant | : | |

o0o

**MEMORANDUM OPINION**

The above-captioned civil rights case was filed on October 25, 2006. Paper No. 1. The Complaint is the sixth case filed by Plaintiff this year.[1] Like previous claims filed by Plaintiff, the instant Complaint does not clearly state a discernible claim, but appears to allege that he is illegally incarcerated and that he is being provided with medication that causes an adverse reaction. Paper No. 1. For the reasons that follow, the Complaint shall be dismissed as frivolous.

Under the provisions of 28 U.S.C. § 1915(e)(2) a case "shall be dismissed at any time if the court determines that– (A) the allegation of poverty is untrue; or (B) the action or appeal– (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." The Complaint must be dismissed under this standard.

In *Neff v. Warden*, Civil Action No. RDB-06-877 (D. Md. 2006), Plaintiff filed a civil rights action for monetary damages claiming he was wrongfully accused and convicted of a crime. The Complaint was dismissed without prejudice because Plaintiff had not successfully challenged his

---

[1] *See Neff v. Warden*, Civil Action No. RDB-06-406 (D. Md. 2006); *Neff v. Warden,* Civil Action No. RDB-06-680 (D. Md. 2006); *Neff v. Warden*, Civil Action No. RDB-06-804 (D. Md. 2006); *Neff v. State of Maryland*, Civil Action No. RDB-06-877 (D. Md. 2006); and *Neff v. Camper*, Civil Action No. RDB-06-1323 (D. Md. 2006).

criminal conviction. In *Neff v. Camper*, Civil Action No. RDB-06-1323 (D. Md. 2006), Plaintiff's claim was that the judge in his criminal case had violated his constitutional rights. The Complaint was dismissed as frivolous. The instant Complaint again references a vague, conclusory allegation that Plaintiff was subjected to false arrest, false imprisonment, and false criminal charges. Plaintiff again lists Judge Campen in the Complaint as one whom he apparently believes has participated in the alleged violation of his constitutional rights. Paper No. 1 at p. 2. To the extent that Plaintiff is again seeking damages regarding his criminal prosecution, the claim is frivolous and will be dismissed.

The only other discernible claim raised in the Complaint is Plaintiff's allegation that he was provided with medication that doesn't work and nearly killed him. This claim has also been raised by Plaintiff in a previous case. *See Neff v. Warden*, Civil Action No. RDB-06-406 (D. Md. 2006). In that case this Court granted summary judgment in favor of Defendants regarding numerous allegations made by Plaintiff regarding conditions of confinement, alleged abuse by correctional staff and claims that medical care was denied. *Id*. Plaintiff has appealed the decision and the case is currently pending in the Fourth Circuit Court of Appeals. *Id*. To the extent that the allegations raised in the instant Complaint concern the same facts as those previously raised,[2] Plaintiff may not raise them anew. "Under *res judicata*, a final judgment on the merits bars further claims by the parties or their privies based on the same cause of action." *Montana v. United States*, 440 U. S. 145, 153 (1979) (citation omitted). Accordingly, the claims related to Plaintiff's confinement will also be dismissed.

---

[2] The Complaint, like those filed previously, contains no narrative description of the conduct which allegedly violated Plaintiff's constitutional rights. Plaintiff simply writes a list of phrases.

Plaintiff is reminded that under 28 U.S.C. §1915(g) he will not be granted *in forma pauperis* status if he has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." The instant case will be the second filed by Plaintiff that has been dismissed as frivolous. *See Neff v. Camper*, Civil Action No. RDB-06-1323 (D. Md. 2006). A separate Order follows.

<u>November 2, 2006</u>                              <u>/s/                                                      </u>
    Date                                                    RICHARD D. BENNETT
                                                                UNITED STATES DISTRICT JUDGE